IN THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF DELAWARE

| | | |
|---|---|---|
| SIRONA DENTAL SYSTEMS GMBH,<br>SIRONA DENTAL, INC., and<br>SICAT GMBH & CO. KG,<br><br>Plaintiffs,<br><br>v.<br><br>ONDEMAND3D TECHNOLOGY INC.<br><br>Defendant. | )<br>)<br>)<br>)<br>)<br>)<br>)<br>)<br>)<br>) | C.A. No.<br><br>**JURY TRIAL DEMANDED** |

**COMPLAINT FOR PATENT INFRINGEMENT**

For their Complaint herein, Plaintiffs allege as follows:

**THE PARTIES**

1. Plaintiff Sirona Dental Systems GmbH ("Sirona Germany") is a German corporation with a principal place of business at Werner-von-Siemens-Straße 4, D-64625 Bensheim, Germany.

2. Plaintiff Sirona Dental, Inc. ("Sirona US") is a Delaware corporation with a principal place of business at 4835 Sirona Drive, Suite 100, Charlotte, NC 28273.

3. Plaintiff SICAT GmbH & Co. KG ("SICAT") is a German corporation with a principal place of business at Brunnenallee 6, D-53177 Bonn, Germany.

4. Sirona Germany, Sirona US, and SICAT (collectively, "Plaintiffs") are subsidiaries of Sirona Dental Systems, Inc., a Delaware corporation with a principal place of business at 30-30 47th Ave #500, New York, NY 11101.

5. Upon information and belief, Defendant OnDemand3D Technology Inc. ("Defendant") is a California corporation with a principal place of business at 310 Goddard Way, Suite 250, Irvine, CA 92618.

**JURISDICTION AND VENUE**

6. This is an action for patent infringement, arising under the patent laws of the United States of America, Title 35 of the United States Code. Jurisdiction is founded on 28 U.S.C. §§ 1331 and 1338(a).

7. This Court has personal jurisdiction over Defendant in that it has, directly or through agents and/or intermediaries, committed acts within Delaware giving rise to this action and/or has established minimum contacts with Delaware such that the exercise of jurisdiction would not offend traditional notions of fair play and justice.

8. Upon information and belief, Defendant regularly conducts business in Delaware, and purposefully availed itself of the privileges of conducting business in Delaware. In particular, upon information and belief, Defendant, directly and/or through its agents and/or intermediaries, makes, uses, imports, offers for sale, sells, and/or advertises its products and affiliated services in Delaware.

9. Upon information and belief, Defendant has committed patent infringement in Delaware that has led to foreseeable harm and injury to Plaintiffs, including Sirona Dental, Inc., a Delaware corporation. Upon information and belief, Defendant derives substantial revenue from the sale of infringing products distributed within Delaware and/or expects or should reasonably expect its actions to have consequences within Delaware. In addition, upon information and belief, Defendant knowingly induced, and continues to knowingly induce, infringement within Delaware by offering for sale, selling, and/or contracting

with others to market infringing products with the knowledge and intent to facilitate infringing use of the products by others within Delaware and by creating and/or disseminating product information and other materials providing instruction for infringing use.

10. Venue is proper in this Court under 28 U.S.C. §§ 1391(b), (c) and/or (d) and 28 U.S.C. § 1400(b).

## FACTUAL BACKGROUND

11. Sirona US and SICAT are exclusive licensees of U.S. Patent No. 6,319,006 ("the ’006 patent"), entitled "Method for Producing a Drill Assistance Device for a Tooth Implant." A copy of the ’006 patent is attached as Exhibit A. Sirona Germany is the owner of the ’006 patent by assignment. The ’006 patent is valid, enforceable, and was duly and legally issued to Sirona Germany on November 20, 2001, in full compliance with Title 35 of the United States Code.

12. As exclusive licensee, Sirona US possesses all rights conferred by the ’006 patent within a field that includes the manufacture, use, and sale of 3D X-ray equipment and software sold along with such equipment. As exclusive licensee, SICAT possesses all rights conferred by the ’006 patent within a field that includes the manufacture, use, and sale of (1) surgical guide products and (2) standalone software that is used in conjunction with 3D X-ray or optical impression equipment.

## COUNT I

## INFRINGEMENT OF THE ’006 PATENT

13. Plaintiffs incorporate paragraphs 1 through 12 herein by reference.

14. This cause of action arises under the patent laws of the United States, and in particular, 35 U.S.C. §§ 271, *et seq.*

15. Defendant makes, uses, advertises, imports, offers for sale, sells for subsequent sale in the United States and/or sells in the United States, including within Delaware and this Judicial District, dental implant planning software under the name In2Guide™ ("In2Guide"). *See* https://www.ondemand3d.com/pages/in2guide/components/Surgical-Template, last visited April 21, 2014 (attached hereto as Exhibit B); https://www.ondemand3d.com/pages/contact-us/find-your-local-distributor, last visited April 21, 2014 (attached hereto as Exhibit C).

16. On December 1, 2011, Cybermed, Inc. (upon information and belief, Defendant's parent corporation) filed with the Food and Drug Administration (FDA) a Premarket Notification under Section 510(K) of the Food, Drug and Cosmetic Act concerning In2Guide software. On December 16, 2011, Cybermed, Inc. obtained 510(K) clearance from the FDA to market In2Guide software. *See* Exhibit D, attached.

17. Upon information and belief, the In2Guide software is made and sold to compete directly with Plaintiffs' products, including without limitation: Sirona Implant, SICAT Implant, and SICAT Implant CAD/CAM software products; SICAT's surgical guide products; Sirona US's Galileos and Orthophos XG 3D X-ray products; and Sirona Germany's Cerec optical impression products.

18. Sirona-US and Sirona-Germany notified Defendant that use of the In2Guide software infringed the '006 patent on April 10, 2014. *See* Exhibit E. Accordingly, upon information and belief, Defendant has known that use of the In2Guide software infringes the '006 patent since at least April 10, 2014.

19. Defendant has directly infringed one or more claims of the '006 patent by making, using, offering for sale, and/or selling at least the In2Guide software.

20. Upon information and belief, Defendant was aware of the ’006 patent before making, using, offering for sale, and/or selling the In2Guide software.

21. Upon information and belief, Defendant is actively targeting customers of Plaintiffs by selling its In2Guide software with the intent to induce and contribute to infringement of the ’006 patent.

22. Defendant has contributorily infringed one or more claims of the ’006 patent by offering for sale and/or selling at least the In2Guide software.

23. The In2Guide software is not a staple article of commerce and has no substantial non-infringing use, as the software is made to allow a user to practice at least one of the methods claimed in the ’006 patent. As such, the software is a material part of practicing one or more methods claimed in the ’006 patent.

24. Upon information and belief, Defendant’s sales of the In2Guide software have been made with knowledge of the ’006 patent and knowledge that the In2Guide software is made for use in practicing one or more methods claimed in the ’006 patent, and Defendant has specifically intended to contribute to the infringement of the ’006 patent.

25. As a result of Defendant’s contributory infringement of the ’006 patent, dentists, dental professionals, and other end users of the In2Guide software have used and continue to use the software to directly infringe one or more claims of the ’006 patent by practicing the invention.

26. Defendant has induced others to directly infringe one or more claims of the ’006 patent by offering for sale and/or selling at least the In2Guide software and providing instructions for its use.

27. Along with sales of the In2Guide software, Defendant has provided instructions of how to use the software, outlining the steps a user must take to practice one or more methods claimed in the ’006 patent. *See* In2Guide Workflow, *available at* https://www.ondemand3d.com/pages/resource/guidelines-and-brochures, last visited April 21, 2014 (attached hereto as Exhibit F).

28. Upon information and belief, Defendant has sold the In2Guide software with full knowledge of the ’006 patent and with the intent to induce infringement thereof.

29. Defendant has advertised the use of the In2Guide software for practicing one or more methods claimed in the ’006 patent at least through online videos demonstrating its use and other online promotional materials. *See, e.g.,* Exhibit F, at 2-3; https://www.youtube.com/user/OnDemand3D (last visited April 21, 2014).

30. As a result of Defendant’s sales, instructions, and advertising, dentists, dental professionals, and other end users of the In2Guide software have used and continue to use the software to directly infringe one or more claims of the ’006 patent by practicing the invention.

31. Upon information and belief, Defendant also sells surgical guides that are fabricated based on planning done with the In2Guide software, thereby inducing infringement of and contributorily infringing the ’006 patent. *See* Exhibit F, at 3.

32. As a consequence of Defendant’s acts of infringement of the ’006 patent as set forth above, Plaintiffs have been damaged, and will continue to be damaged unless such acts are enjoined by the Court.

33. Defendant has had actual notice of the ’006 patent and, upon information and belief, has known or should have known that use of the In2Guide software infringes the ’006

patent. Defendant has nonetheless continued to engage in its infringing acts. Accordingly, its infringement is willful and deliberate, and this case is exceptional under 35 U.S.C. § 285.

## PRAYER FOR RELIEF

WHEREFORE, Plaintiffs respectfully request that:

A. Defendant be declared and adjudged to have directly infringed, engaged in the contributory infringement of, and actively induced others to infringe the ’006 patent;

B. Defendant’s infringement, contributory infringement, and active inducement of infringement of the ’006 patent be declared and adjudged to be willful and deliberate;

C. Defendant, and any of its officers, directors, agents, servants, employees, successors, assigns, and all those controlled by them or in active participation with them, be preliminarily and permanently enjoined from further acts of infringement of the ’006 patent;

D. Defendant be required to account for and pay over to Plaintiffs all actual damages suffered by Plaintiffs by reason of Defendant’s infringement, including without limitation lost profits and/or a reasonable royalty;

E. By reason of the willful and deliberate nature of the aforesaid infringing acts, such damages be trebled pursuant to 35 U.S.C. § 284;

F. By reason of the exceptional nature of this case within the meaning of 35 U.S.C. § 285, Plaintiffs be awarded their attorneys’ fees;

G. Defendant be ordered to pay to Plaintiffs’ prejudgment and postjudgment interest, and costs; and

H. This Court grant Plaintiffs such other further legal and equitable relief as the Court deems just and proper.

## JURY DEMAND

Plaintiffs hereby demand a jury trial on all issues.

ASHBY & GEDDES

*/s/ Andrew C. Mayo*

______________________________

John G. Day (#2403)
Lauren E. Maguire (#4261)
Andrew C. Mayo (#5207)
500 Delaware Avenue, 8th Floor
P.O. Box 1150
Wilmington, DE 19899
(302) 654-1888
jday@ashby-geddes.com
lmaguire@ashby-geddes.com
amayo@ashby-geddes.com

*Attorneys for Plaintiffs*

*Of Counsel*:

Michael P. Sandonato
Peter D. Shapiro
Josh Calabro
FITZPATRICK, CELLA, HARPER
& SCINTO
1290 Avenue of the Americas
New York, NY 10104-3800
(212) 218-2100

Dated: April 24, 2014