**IN THE UNITED STATES DISTRICT COURT**
**FOR THE DISTRICT OF DELAWARE**

| | |
|---|---|
| **SIRONA DENTAL SYSTEMS GMBH,**<br>**SIRONA DENTAL, INC., and**<br>**SICAT GMBH & CO. KG,**<br>**Plaintiffs,**<br><br>**v.**<br><br>**ONDEMAND3D TECHNOLOGY INC.,**<br>**Defendant.** | **Case No.: 1: 14-cv-00539-LPS**<br><br>**JURY TRIAL DEMANDED** |

**DEFENDANT ONDEMAND3D TECHNOLOGY, INC.'S**
**SECOND AMENDED ANSWER, AFFIRMATIVE DEFENSES AND COUNTERCLAIM**

Defendant OnDemand3D Technology, Inc. (hereinafter referred to as "OnDemand" or "Defendant"), by and through its attorney of the record, hereby submits Defendant's answer to Plaintiffs Sirona Dental Systems GMBH, Sirona Dental, Inc., and SICAT GMBH & CO. KG (Collectively referred to as "Plaintiffs" or "SIRONA") complaint for Patent infringement and any other relief ("Complaint") as follows:

## ANSWER

## THE PARTIES

1. Answering Paragraph 1 of the Complaint, Defendant denies the allegations contained within this paragraph due to lack of sufficient knowledge or information.

2. Answering Paragraph 2 of the Complaint, Defendant denies the allegations contained within this paragraph due to lack of sufficient knowledge or information.

3. Answering Paragraph 3 of the Complaint, Defendant denies the allegations contained within this paragraph due to lack of sufficient knowledge or information.

4. Answering Paragraph 4 of the Complaint, Defendant denies the allegations contained within this paragraph due to lack of sufficient knowledge or information.

5. Answering Paragraph 5 of the Complaint, Defendant admits the allegations contained within this paragraph.

## JURISDICTION AND VENUE

6. Answering Paragraph 6 of the Complaint, Defendant admits that Plaintiffs have alleged violation of the patent laws of the United States of America, Title 35 of the United States Code, and admits the court's jurisdiction is founded on 28 U.S.C. §§ 1331 and 1338(a).

7. Answering Paragraph 7 of the Complaint, Defendant denies the allegations contained within this paragraph. However, Defendant waives any objection personal jurisdiction in this District in this particular case.

8. Answering Paragraph 8 of the Complaint, Defendant denies the allegations contained within this paragraph.

9. Answering Paragraph 9 of the Complaint, Defendant denies the allegations contained within this paragraph.

10. Answering Paragraph 10 of the Complaint, Defendant denies the allegations contained within this paragraph. However, Defendant waives any objection to venue in this District in this particular case.

## FACTUAL BACKGROUND

11. Answering Paragraph 11 of the Complaint, Defendant denies the allegations contained within this paragraph due to lack of sufficient knowledge or information.

12. Answering Paragraph 12 of the Complaint, Defendant denies the allegations contained within this paragraph due to lack of sufficient knowledge or information.

**COUNT I**

**INFRINGEMENT OF THE '006 PATENT**

13. Answering Paragraph 13 of the Complaint, Defendant admits and/or denies the allegations of the referenced paragraphs in accordance with the admissions and/or denials specifically set forth above.

14. Answering Paragraph 14 of the Complaint, Defendant admits that Plaintiffs have alleged violation of the patent laws of the United States of America, and in particular, 25 U.S.C. §§271, *et seq*. Other than as expressly admitted herein, Defendant denies allegation contained in this paragraph.

15. Answering Paragraph 15 of the Complaint, Defendant admits that it offers for sale in the United States dental implant planning software under the name In2Guide™ ("In2Guide"). Other than as expressly admitted herein, Defendant denies allegation contained in this paragraph.

16. Answering Paragraph 16 of the Complaint, Defendant admits that it has obtained 510(K) clearance from the Food and Drug Administration (FDA) re In2Guide software. Other than as expressly admitted herein, Defendant denies allegation contained in this paragraph.

17. Answering Paragraph 17 of the Complaint, Defendant denies the allegations contained within this paragraph.

18. Answering Paragraph 18 of the Complaint, Defendant admits that it has received a letter as shown in Exhibit E of the Complaint. Other than as expressly admitted herein, Defendant denies allegation contained in this paragraph.

19. Answering Paragraph 19 of the Complaint, Defendant denies the allegations contained within this paragraph.

20. Answering Paragraph 20 of the Complaint, Defendant denies the allegations contained within this paragraph.

21. Answering Paragraph 21 of the Complaint, Defendant denies the allegations contained within this paragraph.

22. Answering Paragraph 22 of the Complaint, Defendant denies the allegations contained within this paragraph.

23. Answering Paragraph 23 of the Complaint, Defendant denies the allegations contained within this paragraph.

24. Answering Paragraph 24 of the Complaint, Defendant denies the allegations contained within this paragraph.

25. Answering Paragraph 25 of the Complaint, Defendant denies the allegations contained within this paragraph.

26. Answering Paragraph 26 of the Complaint, Defendant denies the allegations contained within this paragraph.

27. Answering Paragraph 27 of the Complaint, Defendant denies the allegations contained within this paragraph.

28. Answering Paragraph 28 of the Complaint, Defendant denies the allegations contained within this paragraph.

29. Answering Paragraph 29 of the Complaint, Defendant denies the allegations contained within this paragraph.

30. Answering Paragraph 30 of the Complaint, Defendant denies the allegations contained within this paragraph.

31. Answering Paragraph 31 of the Complaint, Defendant denies the allegations contained within this paragraph.

32. Answering Paragraph 32 of the Complaint, Defendant denies the allegations contained within this paragraph.

33. Answering Paragraph 33 of the Complaint, Defendant denies the allegations contained within this paragraph.

## AFFIRMATIVE DEFENSES

### I. FIRST AFFIRMATIVE DEFENSE

[Insufficient Facts Alleged]

1. Plaintiffs' Complaint fails to state a claim against Defendant upon which relief can be granted.

## II. SECOND AFFIRMATIVE DEFENSE

[Invalidity]

2. One or more claims of U.S. Patent No. 6,319,006 ("the '006 patent") are invalid for failure to comply with the provisions of 35 U.S.C. §§ 101, 102, 103 and/or 112.

## III. THIRD AFFIRMATIVE DEFENSE

[Noninfringement]

3. Plaintiffs are not entitled to the relief it is seeking, or any relief, on the grounds that Defendant has not made, used, sold and/or offered for sale the purported patented invention claimed in the '006 patent and has not induced or contributed to the infringement by others, either literally or under the doctrine of equivalents, of the patent-in-suit.

## IV. FOURTH AFFIRMATIVE DEFENSE

[Equitable Doctrine of Laches, Waiver, and Acquiescence]

4. Defendant is informed and believes, and on that basis alleges, that Plaintiffs are not entitled to the relief it is seeking, or any relief, on the grounds of laches in that Plaintiffs or their affiliated entities delayed in enforcing and/or declaring rights regarding the '006 Patent and that during this delay, Defendant made a substantial investment of time, energy and money such that enforcement of any patent rights at this time would be prejudicial to Defendant.

5. Plaintiffs' claims for damages and other relief are barred in whole or in part by the equitable doctrines of laches, waiver and/or acquiescence.

## RESERVATION OF ADDITIONAL DEFENSES

5. Defendant reserves the right to allege and assert any additional defenses as they may now exist or become known or available in the future based upon discovery and further investigation in this case.

## COUNTERCLAIMS

## PARTIES

1. OnDemand3D Technology, Inc. (hereinafter referred to as "OnDemand" or "Counterclaimant") is a California corporation having its principal place of business in Irvine, California.

2. Based on information and belief, Counterclaimant alleges that Counter-Defendant Sirona Dental Systems GmbH ("Sirona Germany") is a German corporation with a principal place of business in Bensheim, Germany.

3. Based on information and belief, Counterclaimant alleges that Counter-Defendant Sirona Dental, Inc. ("Sirona US") is a Delaware corporation with a principal place of business in Charlotte, NC 28273.

4. Based on information and belief, Counterclaimant alleges that Counter-Defendant SICAT GmbH & Co. KG ("SICAT") is a German corporation with a principal place of business in Bonn, Germany.

5. This Court has jurisdiction over the parties and the subject matter of OnDemand's Counterclaims pursuant to 28 U.S.C. §§ 1331, 1338(a), 2201 and 2202 and the patent laws of the United States, 35 U.S.C. § 1, et seq.

6. This Court has proper venue in the District of Delaware because Plaintiffs' Complaint was filed in this district and Counter-Defendants have availed themselves in this district.

7. Defendant and Counterclaimant alleges and incorporates by reference herein the allegations of paragraphs 1 to 4 of affirmative defenses.

8. Counter-Defendants Sirona Germany, Sirona US and SICAT (collectively "SIRONA") have alleged in this action that Defendant and Counterclaimant has infringed and is infringing the '006 patent.

9. An actual and justiciable controversy exists between Counterclaimant and Counter-Defendants regarding the validity, enforceability (for reasons stated in Fourth Affirmative Defense) and infringement of the '006 Patent.

10. Based on information and belief, Counterclaimant alleges that one or more claims of the '006 patent are invalid under 35 U.S.C. § 101.

11. Based on information and belief, Defendant and Counterclaimant allege that one or more of the claims of the '006 patent are invalid under 35 U.S.C. §102 as anticipated by and/or under 35 U.S.C. §103 as unpatentable

over the prior art, including but not limited to U.S. Patent Nos. 5,562,448, 5,725,376, 5,768,134, 5,842,858, 5,888,065, 5,927,982, and 5,967,777, in one or more combinations thereof.

12. Based on information and belief, Counterclaimant alleges that one or more claims of the ’006 patent are invalid under 35 U.S.C. §112, paragraph 1 (pre-AIA) for failure to comply with the written description and enablement requirement.

13. Based on information and belief, Counterclaimant alleges that one or more claims of the ’006 patent are invalid under 35 U.S.C. §112, paragraph 2 (pre-AIA) as indefinite and invalid.

14. Based on information and belief, Counterclaimant alleges that all of the claims of the ’006 patent are not infringed.

15. Based on the above allegations, Counterclaimant seeks a declaratory relief that the claims of the ’006 patent are invalid and/or not infringed by Defendant.

## PRAYER

### On The Complaint

(1) That Plaintiffs and Counter-Defendants take nothing by way of their Complaint and Defendant and Counterclaimant be adjudged not liable on each and every claim and prayer for relief sought by Plaintiffs;

On The Counterclaim

(2) A declaration that each and every claim of the'006 Patent is invalid;

(3) A declaration that each and every claim of the'006 Patent is unenforceable under the equitable doctrines of Laches, Waiver, and Acquiescence;

(4) A declaration that each and every claim of the'006 Patent is not infringed, either literally or under the doctrine of equivalents, by each programs and/or method used by Defendant; and

(5) A declaration that Defendant has not directly infringed and has not contributed to or induced others to infringe any of the claims of the '006 Patent.

On all Claims

(6) Costs;

(7) A declaration that this action is exceptional from the point of view of defendant and that attorneys' fees be awarded under 35 U.S.C. § 285; and

(8) For any other and further relief as the Court may deem proper.

## JURY DEMAND

Defendant demands a jury trial on any issue triable of right by a jury to the full extent guaranteed under the Seventh Amendment.

Dated: March 27, 2015

Respectfully submitted,

*Of Counsel:*

John K. Park (CA Bar 175212)
PARK LAW FIRM
3255 Wilshire Blvd., Suite 1110
Los Angeles, California 90010
Telephone: (213) 389-3777
Facsimile: (213) 389-3377
park@parklaw.com

*/s/ George Pazuniak*

George Pazuniak (DE Bar 478)
O'KELLY ERNST & BIELLI, LLC
901 North Market Street, Suite 1000
Wilmington, DE 19801
Phone: (302) 478-4230
Fax: (302) 295-2873
gp@del-iplaw.com

***Attorneys for Defendant/Counterclaimant OnDemand3D Technology Inc.***